No. 83

SMYTHE, Admx. v. HARSH

Ohio Appeals, 5th Dist., Muskingum Co.

No. 327. Decided November 1926

Judge Sayre, 4th Dist., sitting.

1023a. REQUESTS—A request to charge, in writing and before argument, must be given if it contains the law applicable to the issues raised by the pleadings and the facts as established by the evidence.

225. CHARGE TO JURY—Where the effect of a request to charge in regards to rules of the road was to instruct the jury to find its verdict upon one or two facts, circumstances and surroundings of the place at the time of an accident; it is not a proper and correct statement of the law of the road and the rights of pedestrians and travelers thereon.

HOUCK, J.

In an action brought by Jennie Smythe, Administratrix of the estate of Harold Smythe

against L. H. Harsh in the Muskingum Common Pleas to recover for the wrongful death of said Harold Smythe, who was run over and killed by an automobile driven by Harsh, the court entered judgment on the verdict in favor of Harsh.

Error was prosecuted and it was contended by Smythe that there was error in the instructions to the jury; and several other assignments in error were presented. The Court of Appeals held:

1. It is claimed that the trial court committed prejudicial error in admitting testimony, over objection of Harsh, as to payment of hospital and doctor bills, the funeral expenses, etc., of plaintiff's decedent.

2. No claim for such expenditures was made in the pleadings, and it was not an issue in the case and was not made a ground of recovery. This evidence was highly prejudicial and constitutes reversible error; even though it is claimed that a request to charge on part of plaintiff's counsel cure dthe claimed error.

3. It is calimed that the court erred in giving the jury the following, in substance, which was in writing:—"If you find - - - that the defendant was proceeding at a lawful rate of speed - - - - and the child Harold Smythe darted in front of the machine, so suddenly that defendant could not avoid the injury, the defendant is not liable."

4. Mere abstract propositions of law, although sound within themselves, but merely stating the law generally are not required to be given; but where the request is made in writing and before argument if it contains the law applicable to the issues raised by the pleadings and the facts as established by the evidence, must be given.

5. The request in question is not pertinent to the issues in the case an dhas no application to the proven facts and the real question to be determined by the jury..

6. The legal force and effect of the request was to instruct the jury to find its verdict upon one or two facts and circumstances at the time of the accident, so that it is not a proper statement of the law of the road and rights of pedestrians thereon.

Judgment reversed.

(Shields, J., and Sayre, J., concur.)

Attorneys—John C. Bassett for Smythe; Tannehill & Weber for Harsh; all of Zanesville.